## FULLERTON v. BOARD OF COM'RS of COMANCHE COUNTY.

No. 17527. Opinion Filed Aug. 2, 1927.

(Syllabus.)

**1. Judges—Compensation of County Judges —Annual Salary Payable Monthly.**

The compensation of county judges of this state is fixed on a yearly basis, but by the provisions of section 6456, C. O. S. 1921, the same is payable monthly.

**2. Same—Compensation Only from Day of Month Judge's Term Began.**

The fact that the salary of a county judge is payable monthly does not authorize him to recover his salary from the first of the

calendar month where his term of office began and he assumed his duties on the 12th day of said month.

Error from District Court, Comanche County; E. L. Richardson, Judge.

Action by P. G. Fullerton against the Board of Commissioners of Comanche County. Judgment for defendant, and plaintiff appeals. Affirmed.

P. G. Fullerton, for plaintiff in error.

W. T. Dixon, Co. Atty., for defendant in error.

MASON, V. C. J. The plaintiff in error, P. G. Fullerton, was elected county judge of Comanche county at the November election, 1924, and as provided by law, he assumed the duties of said office on the second Monday of January, 1925, which was the 12th day of the month. At the close of the month of January, 1925, he filed with the board of county commissioners his verified claim for salary as such county judge for the entire month of January in the sum of $179 15. which is one-twelfth of the yearly salary fixed for said office. The board of county commissioners at their regular February meeting allowed his claim for the fractional portion of the month, from the 12th to the end of the month. in the sum of $109.81 and a warrant was drawn to and accepted by him in said sum. The balance of the claim in the sum of $69.35 was rejected and disallowed, from which he perfected his appeal to the district court, where the case was tried without the intervention of a jury. Judgment was rendered for the defendant, and the plaintiff has perfected his appeal to this court.

For reversal of the judgment of the district court, the plaintiff in error contends that the statutes of this state direct and require the county commissioners to pay the county judge a definite salary for each year, and that the same be paid in twelve payments, one for each calendar month; it being his contention that the board of county commissioners have no authority to consider a fractional portion of a month. He cites certain cases holding that a day, in legal contemplation, is punctum temporis.

He then cites and attempts to apply the reasoning of those cases in conjunction with section 3557, C. O. S. 1921, which provides as follows:

"The word 'year' means a calendar year, and 'month' means a calendar month. Fractions of a year are to be computed by the number of months, thus: Half a year is six months. Fractions of a day are to be disregarded in computations, which include more than one day, and involve no question of priority."

This section, as we construe it, has no application to the question involved herein.

Sceiton 3197, C. O. S. 1921, fixes the salaries of various county judges of the state, and it is agreed by both parties herein that the salary of the county judge of Comanche county, as fixed by said section, is $2,150 per year.

Section 6456, C. O. S. 1921, provides that the salaries of all county officers, their clerks and deputies, shall be paid monthly, out of the county treasury, by order of the board of county commissioners. Said section does not provide that such officials be paid a stipulated amount pır month, nor does it provide that the yearly salary be paid in twelve equal installments.

As we construe it, that section merely fixes the time of payment, that is, that such officials are to be paid each month the amount of salary due at that time.

If we were to adopt the contention of the plaintiff in error, each official whose term commences after the first of the calendar month would be entitled to a full month's salary for both the fractional term of the month, at the beginning of his term and at the end of his term. The lawmakers certainly never intended that the salary of any official should commence before he takes the oath and assumes the duties of his office. We see no merit whatever in the contention of the plaintiff.

The judgment of the trial court is affirmed.

BRANSON, C. J., and HARRISON. LESTER. HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 33 C. J. p. 958, §75 (Anno). (2) 33 C. J. p. 957, §75.